ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Quimba Software, Inc. ) | ASBCA No. 59197 |
| ) | |
| Under Contract Nos. F30602-03-C-0185 ) | |

APPEARANCE FOR THE APPELLANT:     Mr. Robert Dourandish
             CEO

APPEARANCES FOR THE GOVERNMENT:     Arthur M. Taylor, Esq.
             DCMA Chief Trial Attorney
             Srikanti Schaffner, Esq.
             Trial Attorney
             Defense Contract Management Agency
             Carson, CA

## OPINION BY ADMINISTRATIVE JUDGE YOUNGER
## ON THE GOVERNMENT'S MOTION TO DISMISS

In this cost case, the administrative contracting officer (ACO) issued a demand to appellant Quimba Software, Inc. (Quimba) for the repayment of indirect costs that had been paid through provisional billing rates. Following discovery in this appeal, the ACO rescinded the demand for repayment, and released the government claim. The government moves to dismiss the appeal as moot. Quimba opposes, arguing chiefly that the issue of government bad faith remains. We dismiss the appeal as moot.

## STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. Effective July 28, 2003, the Air Force Research Laboratory (the Laboratory) awarded Contract No. F30602-03-C-0185 to Quimba for Metasearch Fusion Software (R4, tab 1 at 1-2).

2. By date of June 26, 2006, Quimba submitted its fiscal year 2005 final incurred cost proposal to the government (gov't mot. at 1; R4, tab 3).

3. By date of June 25, 2008, the Defense Contract Audit Agency (DCAA) issued its audit report stating that "Quimba did not provide data and records...to support the incurred costs claimed for" FY 2005 (R4, tab 4 at 65-66). DCAA recommended that the ACO "recover Government payments for contractor fiscal year 2005 contract costs of $461,879 claimed by Quimba" until Quimba complied with contractual requirements for the submission of data and records for examination (id.).

4. By final decision dated December 5, 2013, the ACO asserted a government claim against Quimba for $323,320.30, stating that:

> Because Quimba will not provide the supporting documentation to show the invoiced/vouchered indirect costs are properly allocable and allowable, they do not meet the definition of 'cost' for purposes of reimbursing the contractor.... Since the Government has already paid the invoices/vouchers, the Government has essentially paid for items that are not reimbursable costs....

(R4, tab 11 at 85-86) The ACO determined that "$461,879.00 of incurred costs for [FY 2005] are disallowed, of which $323,320.30 was paid." The ACO asserted a government claim for this latter amount. (*Id.*)

5. By letter dated March 3, 2014, Quimba filed a notice of appeal. We docketed the appeal as ASBCA No. 59197. Thereafter, between 2014 and 2017, the Board dismissed the appeal without prejudice, reinstated the appeal, and stayed the proceedings pending resolution of *Quimba Software, Inc. v. United States*, No. 12-CV-00142, in the United States Court of Federal Claims, a related action dealing with Quimba's FY 2004 incurred cost proposal.

6. In response to a June 2017 government discovery request in this appeal, Quimba provided supporting documentation that the government regarded as sufficient to permit audit of Quimba's FY 2005 incurred cost proposal (gov't mot. at 3).

7. By letter to Quimba dated February 1, 2018, the ACO rescinded the December 5, 2013 final decision and demand for payment, stating:

> I hereby withdraw the Contracting Officer's Final Decision...and demand for payment dated December 5, 2013 for Quimba['s]...FY 2005 costs. The COFD disallowed indirect costs of $461,879.00 and demanded $323,320.30. Quimba is hereby released of the Government's claim for $323,320.30.
>
> ....

2

> The Government has no intention of issuing another
> COFD disallowing the costs in the December 5, 2013
> COFD[].

(Gov't mot., ex. G-1)

8. The record contains no prima facie showing, or other evidence, that the ACO, or any other government official, acted in bad faith in issuing the final decision or in taking any other official act regarding this appeal.

## DECISION

In seeking dismissal of the appeal on the ground of mootness, the government argues that the ACO granted all the relief that Quimba sought by voluntarily rescinding the demand for repayment of indirect costs paid through provisional billing rates and stating that it does not intend to issue another decision disallowing the same costs (gov't mot. at 3-5; *see* statement 7).

Quimba opposes the dismissal. Quimba's main argument is that, while the final audit report was issued in 2008, the government waited until December 2013, after expiration of the Contract Disputes Act statute of limitations, 41 U.S.C. § 7103(a)(4)(A), to issue the final decision. Quimba tells us that, "[i]n issuing the [final decision] after the expiration of [the statute of limitations], the Government deliberately, and with premeditation, is forcing frivolous and baseless litigation on Quimba since...Quimba had no choice but to litigate – or accept an unjust determination" (app. opp'n at 6-7). Quimba adds that it is entitled to discovery to support its allegations of government bad faith (*id.* at 8).

We reject Quimba's argument and dismiss the appeal as moot.

In support of its motion, the government chiefly relies upon *Combat Support Associates*, ASBCA Nos. 58945, 58946, 16-1 BCA ¶ 36,288. There, we granted the government's motion to dismiss two appeals after the contracting officer rescinded the two decisions challenged by appellant. *Id.* at 176,974. The contracting officer had demanded reimbursement of allegedly unallowable direct costs in the first decision, disallowed indirect costs, and established final indirect rates for the contractor. *Id.* at 176,973. We held that, "because the [administrative contracting officer] unequivocally rescinded her final decisions, there is nothing left of the merits of the appeals for us to adjudicate, and, therefore, there are no costs at issue before us." *Id.* at 176,974. We accordingly dismissed the appeals as moot. *Id. accord, L-3 Communications Integrated Systems, L.P.*, ASBCA Nos. 60431, 60432, 16-1 BCA ¶ 36,362 at 177,253 (dismissing as

3

moot appeals of decisions seeking payment of unallowable costs where contracting officer later rescinded decisions and disavowed any intent to reissue them because "there is nothing left of the merits...for us to adjudicate").

*Combat Support* and *L-3* compel dismissal of this appeal. Here, following the ACO's February 1, 2018 letter unequivocally rescinding the final decision and demand for payment (*see* statement 7), there is "nothing left of the merits...for us to adjudicate." *L-3*, 16-1 BCA ¶ 33,362 at 177,253. While Quimba stresses that *Combat Support* "includes an exception for Bad Faith behavior" (app. opp'n at 8), there is no prima facie showing, and no evidence of such conduct, here (statement 8). We again follow "the presumption, unrebutted here, that contracting officials act in good faith." *L-3*, 16-1 BCA ¶ 33,362 at 177,253. In addition, there is no claim conferring jurisdiction over Quimba's remaining bad faith allegations. *See M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1331 (Fed. Cir. 2010) (holding a contractor seeking adjustment of contract terms "must meet the jurisdictional requirements...of the [Contract Disputes Act], whether asserting the claim against the government as an affirmative claim or as a defense to a government action").

<u>CONCLUSION</u>

The government's motion to dismiss the appeal as moot is granted. The appeal is dismissed.

Dated: May 13, 2019

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59197, Appeal of Quimba Software, Inc., rendered in conformance with the Board's Charter.

Dated:

<div style="margin-left:50%">

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

</div>